**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**Paula MARQUA, Personal Representative of the Estate of Jennifer W. Chamberlain, Defendant.**

**Brian CHAMBERLAIN and Paula Marqua, Personal Representative of the Estate of Jennifer W. Chamberlain, Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Defendant.**

**No. A87–574 Civ.**

United States District Court, D. Alaska.

Nov. 8, 1989.

Joe M. Huddleston, Anchorage, Alaska, for plaintiffs.

Michael W. Flanigan and Stephen Sims, Anchorage, Alaska, for defendant.

## ORDER

HOLLAND, Chief Judge.

(Motions for Summary Judgment)

The court has before it cross-motions for summary judgment in consolidated suits raising questions as to the interpretation of an insurance policy issued by State Farm Mutual Automobile Insurance Company ("State Farm"). The court has received substantial supplemental briefing from the parties in addition to oral argument. The facts of this case are undisputed. The issues raised by the parties involve questions of law. The case is appropriate for disposition on motion for summary judgment.

This litigation arises from a single vehicle accident which occurred on June 14, 1986. Brian J. and Jennifer W. Chamberlain owned the vehicle in question. At the time of the accident, the vehicle was being driven by Jennifer. Brian was a passenger in the vehicle. Jennifer was killed. Brian suffered bodily injury.

In underlying state court litigation, Brian seeks to recover damages for his injuries from the estate of Jennifer. The suits here consolidated raise questions as to the coverage to be provided by State Farm.

On or about November 17, 1985, State Farm issued the policy in question for a period or term from November 17, 1985, to November 17, 1986. The policy provided coverage with respect to the accident vehicle. The policy identified the named insured as Brian and Jennifer Chamberlain.

The primary "insuring agreement" provided:

> We will pay damages for bodily injury or property damage for which any *covered person* becomes legally responsible because of an auto accident.

(Emphasis in original.) "Covered person" is defined as "you"; and "you" is defined to include the "named insured", that is, both Brian and Jennifer Chamberlain.

By separate "liability coverage exclusion endorsement", the policy further provides with respect to liability coverage:

> We do not provide Liability Coverage for any person for bodily injury to you or any *family member*.

The foregoing exclusion is frequently referred to as the "household exclusion" and is designed to preclude claims such as that now pending between Brian Chamberlain and the estate of his deceased spouse.

There is nothing ambiguous or unclear about any of the foregoing terms of the State Farm insurance policy.

In 1984, the legislature of the State of Alaska overhauled the motor vehicle insurance laws of the State. AS 28.22.010, *et seq.*; ch. 70, SLA 1984. This enactment is sometimes referred to as a "mandatory

insurance" statute, for it was designed to coerce operators of motor vehicles into taking out automobile liability insurance. The act became effective, insofar as the provisions of AS 28.22.010 and –.500, on January 1, 1985, and these provisions therefore apply to the insurance policy here in question.

AS 28.22.500 provides:

*Policy interpretation.* A provision in this chapter may not be interpreted to prohibit a motor vehicle liability policy from including limitations, conditions, exceptions, exclusions, or other provisions that do not violate the requirements of this chapter or other applicable laws.

AS 28.22.010(a) provides in pertinent part:

*Motor vehicle liability policy.* (a) The owner's policy of liability insurance shall

. . . .

(2) insure the person named against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of the vehicle in the United States or Canada, subject to limits exclusive of interest and costs, with respect to each vehicle, as follows:

(A) $50,000 because of bodily injury to or death of one person in any one accident, and, subject to the same limit for one person, $100,000 because of bodily injury to or death of two or more persons in any one accident; and

(B) $25,000 because of injury to or destruction of property of others in any one accident;

(3) contain coverage prescribed in AS 28.22.100—28.22.130 in the amounts set out in (2) of this subsection for the protection of the persons insured under the policy who are legally entitled to recover damages from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury or death, or damage to or destruction of property arising out of the ownership, maintenance, or use of the uninsured or underinsured motor vehicle.

By virtue of Section .500, the household exclusion is permissible unless it is inconsistent with other automobile insurance statutes of Alaska. The household exclu-

sion plainly violates Section .010(a)(2) when it is applied to a named insured driver. Section .010 requires that automobile insurance policies protect "the person[s] named" from liability for damage claims arising out of their use of an insured vehicle. Jennifer Chamberlain was a named insured and was operating the insured vehicle at the time of the accident.

The Alaska Supreme Court appears not to have precisely addressed the foregoing question; however, that court has dealt with an analogous situation in *Hillman v. Nationwide Mutual Fire Insurance Co.*, 758 P.2d 1248 (Alaska 1988). *Hillman* dealt with questions as to the scope of coverage which automobile insurance policies afford under required uninsured and underinsured motorist coverage. The statutory pattern is analogous to the issue before this court, and the Alaska Supreme Court aligned itself with the majority of jurisdictions which prohibit insurance carriers from issuing automobile insurance policies with coverage narrower than that prescribed by statute.

The court concludes that, consistent with the foregoing decision in *Hillman*, the Alaska Supreme Court, if faced with the question here raised, would surely conclude that State Farm was precluded by law from including the household exclusion in the Chamberlain policy, for that exclusion results in coverage narrower than that mandated by AS 28.22.010(a)(2). While AS 28.22.500 most assuredly authorizes inclusion in automobile insurance policies of a wide range of insurer-chosen limitations, conditions, exceptions, and exclusions, the household exclusion is inconsistent with the mandate of AS 28.22.010 that an owner's policy "shall ... (2) insure the person named against loss from the liability imposed by law for damages arising out of the use of the [insured] vehicle...."

The instant case must be distinguished from the parallel case of *State Farm Mutual Automobile Insurance Co. v. Sorenson*, No. F87–032 Civil, in which this court, by order filed May 13, 1988, dealt with similar issues. The foregoing order had been made the subject of a motion for

reconsideration; and the court had under active consideration the matter of whether or not it should revise the subject order with respect to uninsured motorist coverage at the time the Sorenson case was settled. The distinguishing feature of *Sorenson* is that the driver of the insured vehicle was not a named insured as was Jennifer Chamberlain.

In consideration of the foregoing, it is unnecessary for the court in this case to reach the thorny uninsured motorist coverage questions which are argued by the parties and which might come into play were the court to have concluded that Jennifer Chamberlain was, in substance, "uninsured" for the accident in question.

Brian Chamberlain's motion for summary judgment is granted as to the policy coverage question discussed above. State Farm's cross-motion for summary judgment is denied. Brian Chamberlain and Paula Marqua, Personal Representative of the Estate of Jennifer W. Chamberlain, are entitled to a declaratory judgment to the effect that State Farm may not assert or enforce Endorsement No. 6257F.1 so as to restrict coverage under its policy of automobile insurance in favor of Brian and Jennifer W. Chamberlain.